UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAYA SPECIAL MARITIME ENTERPRISE | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. NO. 4:13-cv-01871 |
| | | Admiralty – Rule 9(h) |
| Tug M.L. CROCHET, her engines, tackle, appurtenances, etc., *in rem*, CROCHET BOAT COMPANY, *in personam*, and D&S MARINE SERVICE, L.L.C., *in personam*, | | |
| Defendants. | | |

## ORIGINAL VERIFIED COMPLAINT

Plaintiff Maya Special Maritime Enterprise (hereinafter "Plaintiff"), through its attorneys of record, Chaffe McCall LLP, as and for its Original Verified Complaint against the Defendants, Tug M.L. CROCHET, her engines, tackle, appurtenances, etc., *in rem*, Crochet Boat Company ("Crochet Boat"), *in personam* and D&S Marine Service, L.L.C. ("D&S"), *in personam*, alleges, upon information and belief, as follows:

### Jurisdiction and Venue

1. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, and within the meaning of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. Venue is proper in the Southern District of Texas as the collision occurred in the Houston Ship Channel.  Further, the Tug M.L. CROCHET is now, or will be during the pendency of this suit, within this district and within the jurisdiction of this Honorable Court.

### Parties

3. Plaintiff is a corporation or other legal entity organized and existing in accordance with the laws of a foreign country and was at all material times the registered owner of the M/T MINERVA MAYA, IMO No. 9233234, a Greek-flagged, 2002 built oceangoing crude oil tanker, 243.96 meters in length, 42 meters in breadth, and of 57,508 gross metric tons.  Plaintiff brings this action on its own behalf and, as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the M/T MINERVA MAYA, as their respective interests may appear, and Plaintiff is entitled to maintain this action.

4. Defendant *in rem*, Tug M.L. CROCHET, official number 1044982, is a United States-flagged tug of approximately 65 feet in length and 26 feet in breadth.

5. Defendant *in personam*, D&S Marine Service, L.L.C., is a Louisiana limited liability company without a regular place of business or a designated agent for service of process in Texas, and was at all material times the manager and/or operator of the M.L. CROCHET. D&S Marine Service, L.L.C. can be served with process by serving the Texas Secretary of State and/or by delivering a copy summons and complaint to D&S Marine Service, L.L.C.'s registered agent in Louisiana, Karl J. Zimmerman, Baldwin Haspel, LLC, 1100 Poydras Street, 2200 Energy Centre, New Orleans, LA 70163.

6. Defendant *in personam*, Crochet Boat Company, is a Louisiana corporation without a regular place of business or a designated agent for service of process in Texas, and was at all material times upon information and belief the owner of the Tug M.L. CROCHET.

Crochet Boat Company can be served by service on the Texas Secretary of State and/or by delivering a copy summons and complaint to Crochet Boat Company's registered agent in Louisiana, Gerald Lafoso, 300 Bond Street, Houma, LA 70360.

### The Collision

7.  On the morning of June 2, 2013, the M/T MINERVA MAYA was transiting outbound in the Houston Ship Channel after departing Exxon Baytown enroute to Nederland, TX.  Also, on the morning of June 2, 2013, the tug M.L. CROCHET was pushing Barges CBC 124, CBC 1339, CBC 39,  CBC 193 and CBC 148 (collectively, the "M.L. CROCHET flotilla") inbound in the Houston Ship Channel.

8.  The MINERVA MAYA gradually experienced reduced visibility as the vessel was on her outbound course at approximately 0800 hours (Central Standard Time) on June 2, 2013 in the Houston Ship Channel.  The MINERVA MAYA reduced her speed to slow ahead as the visibility was reducing to zero due to heavy rain and fog.  At that time, the tug M.L. CROCHET flotilla was inbound. The MINERVA MAYA also sounded her fog horn and her pilot announced security calls.  Additionally, the pilot aboard the MINERVA MAYA tried to communicate with the crew aboard the M.L. CROCHET.  The M.L. CROCHET did not respond to the MINERVA MAYA's attempts to communicate.  Shortly before the collision, two white lights were observed slightly off the port bow of the MINERVA MAYA.  The MINERVA MAYA's pilot ordered the MINERVA MAYA turn hard starboard in an attempt to avoid contact.  At approximately 0824 hours (CST), after the MINERVA MAYA turned hard starboard, the barges of the flotilla (believed to be CBC 124 and CBC 39) being pushed by M.L. CROCHET collided with the MINERVA MAYA, piercing and causing significant damage to the portside hull of the MINERVA MAYA.

12. The damages sustained by the MINERVA MAYA include, but are not limited to, puncturing and insetting of the shell plating and internals. As a result of this collision, Plaintiffs sustained damages including, but not limited to, cost of repairs, port of refuge and wharfage expenses, delay expenses, and loss of hire and/or loss of profits. The damages are presently estimated to be One Million Seven Hundred Thousand ($1,700,000.00) Dollars, and continue to accrue.

13. The collision and resulting damage to the MINERVA MAYA were caused solely by the unseaworthiness of the M.L. CROCHET and one or more of the Barges, which were being negligently operated, contrary to law and customary practice.

14. The collision and all damages and losses resulting therefrom were in no way caused or contributed to by any fault or neglect on the part of Plaintiff or the M/T MINERVA MAYA or her officers and crew, but rather, said damages and losses were caused solely by the fault of the M.L. CROCHET, its officers and crew, Crochet Boat Company, and D&S Marine Service, L.L.C., or parties for whom they are responsible, in the following particulars, among others, all of which will be more fully shown at the trial of this cause:

    a. The M.L. CROCHET flotilla was unseaworthy and not capable of being properly maneuvered and controlled;

    b. The M.L. CROCHET flotilla was in the charge of incompetent personnel who were careless and inattentive to their duties;

    c. The M.L. CROCHET flotilla failed to maintain a proper lookout, both visually and on radar;

    d. The M.L. CROCHET failed to respond to the MINERVA MAYA's radio communications and whistle blasts;

  e.  The M.L. CROCHET failed to maintain a proper VHF-FM radio listening watch and also failed to use her radio to attempt to avoid the collision;

  f.  The M.L. CROCHET failed to properly utilize electronic navigation equipment, including but not limited to radar, ARPA, and AIS in order to attempt to avoid the collision;

  g.  The M.L. CROCHET and those persons in charge of their navigation failed to exercise the necessary caution required by the circumstances;

  h.  The M.L. CROCHET flotilla was in violation of the Inland Navigational Rules which required the flotilla to keep out of the way of the MINERVA MAYA and avoid crossing ahead of her, which the M.L. CROCHET flotilla failed to do;

  i.  The M.L. CROCHET flotilla failed to maintain a proper course or speed;

  j.  The M.L. CROCHET flotilla was improperly lighted;

  k.  The M.L. CROCHET flotilla failed to take any, or proper steps to avoid the collision or minimize the damages.

15. The foregoing negligence of the M.L. CROCHET flotilla was the proximate cause of the collision and the damages which have been and will be sustained by Plaintiff.

16. The Defendants' violation of statutory regulations and rules intended to prevent collisions invoke the rule of *THE PENNSYLVANIA*. As a result, Defendants herein now bear a burden of proving "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been" a cause of the collision. *THE PENNSYLVANIA*, 86 U.S. 125, 136 (1874).

17. The foregoing collision and resulting damages were in no way caused or contributed to by any fault, neglect, want of care, design or unseaworthiness on the part of

MINERVA MAYA, her owners, operators, master or her crew.  At all material times, the MINERVA MAYA was tight, staunch, strong, properly manned, fitted and equipped, and in all respects seaworthy.

18. Plaintiffs accordingly seek jurisdiction over the *in rem* Defendant, the tug M.L. CROCHET, by arrest pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims.

19. Plaintiffs reserve the right to amend or supplement their complaint when or if further information becomes available.

20. All and singular, the premises of this Verified Complaint are true and correct and within the jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiffs pray that:

1. Process in due form of law according to the practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against the M.L. CROCHET, *in rem*, and that the vessel be arrested pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims;

2. That summonses issue to the defendants, Crochet Boat Company and D&S Marine Service, L.L.C., *in personam*, citing them to appear and answer the matters aforesaid;

3. That Plaintiff have a maritime lien against the M.L. CROCHET and ask that such lien be recognized and enforced with preference and priority over all persons; that after due proceedings had, there be judgment for Plaintiff against the M.L. CROCHET, *in rem* and Crochet Boat Company and D&S Marine Service, L.L.C., *in personam*, in the amount of One Million, Seven Hundred Thousand

($1,700,000.00) Dollars or such other amount as may be proved herein, together with interest, costs and attorney's fees;

4. That the M.L. CROCHET be sold in order to satisfy said judgment; and

5. That the Court grant all such other legal and equitable relief, as justice may require.

Respectfully submitted,

 /s/ Kevin P. Walters
Dimitri P. Georgantas
Attorney-in-Charge
Federal I.D. No. 2805
Texas State Bar No. 07805100
Kevin P. Walters
Federal I.D. No. 5649
Texas State Bar No. 20818000
Eugene W. Barr
Federal I.D. No. 1144784
Texas State Bar No. 24059525
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  713-546-9800
Facsimile:   713-546-9806
Email:  georgantas@chaffe.com
Email:  walters@chaffe.com

ATTORNEYS FOR PLAINTIFF,
MAYA SPECIAL MARITIME ENTERPRISE

OF COUNSEL:
CHAFFE McCALL, L.L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAYA SPECIAL MARITIME ENTERPRISE § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Tug M.L. CROCHET, her engines, § <br> tackle, appurtenances, etc., *in rem*, § <br> CROCHET BOAT COMPANY, § <br> *in personam*, and D&S MARINE § <br> SERVICE, L.L.C., *in personam*, § <br> § <br> Defendants. § | C.A. NO. <br> Admiralty – Rule 9(h) |

STATE OF TEXAS         §
                       §
COUNTY OF HARRIS       §

## **VERIFICATION**

BEFORE ME, the undersigned authority, on this day personally appeared Kevin P. Walters, who being duly sworn, deposed and stated as follows:

"I am an attorney for Plaintiff, Maya Special Maritime Enterprise, in connection with the referenced matter. I have read the foregoing Original Verified Complaint and know the contents thereof and that the same are true and correct to the best of my knowledge, information and belief, based upon documentation and information provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have an officer or director within this District."

_____
Kevin P. Walters

SUBSCRIBED AND SWORN to before me on June 26, 2013.



_____
Notary Public, State of Texas

2090872-1