United States District Court
Southern District of Texas
**ENTERED**
September 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAYA SPECIAL MARITIME ENTERPRISE, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-01871 |
| | § | |
| TUG M.L. CROCHET, HER ENGINES, | § | |
| TACKLE, APPURTENANCES, ETC., IN | § | |
| REM, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER ENTERING ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO INTEREST

Pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure, the Court submits the following additional Findings of Fact and Conclusions of Law as to prejudgment and post-judgment interest.

## I.      BACKGROUND

This case arises out of a June 2, 2013 collision in the Houston Ship Channel between the tanker vessel M/T MINERVA MAYA and the tugboat M/V M.L. CROCHET. Plaintiff Maya Special Maritime Enterprise ("Maya") owns the MINERVA MAYA. Defendants Crochet Boat Company and D&S Marine Services, LLC (collectively, "D&S Marine") own and operate the M.L. CROCHET.

Maya and D&S Marine brought claims against each other to recover for the physical and economic damages caused by the collision. Each party alleged that the other is solely responsible. Alternatively, D&S Marine challenged Maya's claim for economic damages. At a bench trial held February 16-19, the Court considered the issues of liability and economic

1

damages related to the loss of use of the vessels while undergoing repairs. On August 9, 2016, the Court issued a Memorandum and Order Entering Findings of Fact and Conclusions of Law ("Memorandum and Order"). (Doc. No. 97.) The Court found that Maya and D&S Marine are equally at fault for the collision. As a result, Maya is entitled to damages in the amount of $551,245.26 plus prejudgment and post-judgment interest.

The Court left undecided the rate and calculation of prejudgment and post-judgment interest. It required further briefing from the Parties on three questions: (1) What rate of interest should be used? (2) Should the interest be calculated on a simple or compound basis? and (3) From what date should prejudgment interest on loss-of-use damages run, if not the date of the collision? The Parties agreed on the second and third issues, but differed in their proposed prejudgment interest rates.

Having considered the Parties' briefing and the applicable law, the Court finds and holds that prejudgment interest shall be set at a rate of 3.25% and post-judgment interest at 0.61%.

## II.    LEGAL ISSUES

### A.  INTEREST RATE

"[A]n award for prejudgment interest in actions under the general maritime law is the rule rather than the exception; prejudgment interest must be awarded unless unusual circumstances make an award inequitable." *Ryan Walsh Stevedoring Co. v. James Marine Servs., Inc.*, 792 F.2d 489, 492 (5th Cir. 1986). "In admiralty cases, prejudgment interest is not awarded as a penalty but as compensation for use of funds by the defendant to which the plaintiff is entitled." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 753 (5th Cir. 1985). The Court will award prejudgment and post-judgment interest to Maya.

Post-judgment interest "shall be calculated from the date of the entry of the judgment, at

a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961. The interest rate for the week of September 16, 2016, the week preceding the judgment, is 0.61%.[1] Accordingly, Maya is entitled to post-judgment interest at a 0.61% rate, to be compounded annually.

The Court has broad discretion in setting the appropriate prejudgment interest rate in an admiralty case. *Marine Overseas Servs., Inc. v. Crossocean Shipping Co.*, 791 F.2d 1227, 1236 (5th Cir. 1986). Courts may look to "state law or other reasonable guideposts indicating a fair level of compensation." *Id*. Such guideposts include the prejudgment interest rate of the state in which the court sits, the rate established by 28 U.S.C. § 1961, or the injured party's cost of borrowing. *See, e.g.*, *Randolph v. Laeisz*, 896 F.2d 964, 969 (5th Cir. 1990); *Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1029 (5th Cir. 1986); *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel, Her Cargo, Apparel, Tackle, & Furniture, in a Cause of Salvage, Civil & Mar.*, 695 F.2d 893, 907 (5th Cir. 1983).

Maya proposes the Court set the prejudgment interest rate based on Texas law. (Maya Brief Concerning Prejudgment and Post-Judgment Interest, Doc. No. 99.) D&S Marine recommends the Court use the same rate for prejudgment and post-judgment interest, based on 28 U.S.C. § 1961. (D&S Marine Memorandum Concerning Prejudgment and Post-Judgment Interest, Doc. No. 98.) Although the Court would be authorized to turn to Texas law or 28 U.S.C. § 1961, it is not required to use either. *See Platoro*, 695 F.2d at 907 ("We cannot . . . instruct the district court to use any particular rate; the decision in the first instance must lie with the district

---

[1] *See* http://www.txs.uscourts.gov/page/post-judgment-interest-rates. The Court's Memorandum and Order entered on August 9, 2016 is not a final judgment. *See* Fed. R. Civ. P. 58(a); *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002) (holding judgment is only effective when set forth in a separate document). The Court uses the interest rate from the week when it releases its final judgment.

court after it evaluates the circumstances of the case.").

The purpose of prejudgment interest is "compensation for the use of funds to which the claimant was rightfully entitled." *Marine Overseas*, 791 F.2d at 1236. The Court finds that neither Maya's nor D&S Marine's proposed rates achieve this goal. At one extreme, Maya's proposal to use Texas law requires an interest rate of 5% per annum. Tex. Fin. Code 304.003. At the other, 28 U.S.C. § 1961 sets forth an interest rate of 0.61%. The actual cost of borrowing, approximated from the Federal Reserve prime rate, was between 3.25-3.5% during the prejudgment period.[2] Courts have previously considered cost of borrowing when determining the interest rate. *See, e.g., Complaint of M/V Vulcan*, 553 F.2d 489, 491 (5th Cir. 1977). The Parties' proposed rates are either too high or too low to adequately and accurately compensate Maya's cost of borrowing. The Court therefore finds the appropriate prejudgment interest rate is 3.25%, based on the Federal Reserve prime rate during the majority of the prejudgment period.

## B.  CALCULATIONS OF INTEREST RATE

Based on consensus of the Parties, prejudgment interest shall be calculated on a simple basis. Post-judgment interest shall be compounded annually.

## C.  PREJUDGMENT INTEREST

By agreement of the Parties, prejudgment interest on loss-of-use damages shall begin to run on June 17, 2013.

## D.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** that (1) prejudgment interest is set at the rate of 3.25% and will be calculated on a simple basis, beginning from June 17, 2013; and (2)

---

[2] The prime rate was set at 3.25% from December 16, 2008 to December 17, 2015. Since December 17, 2015, the prime rate has been 3.5%. *See Federal Reserve*, "H. 15 Selected Interest Rates," http://www.federalreserve.gov/releases/h15/current/; *Federal Reserve*, "Selected Interest Rates, Historical Data," http://www.federalreserve.gov/releases/h15/data.htm.

post-judgment interest is set at the rate of 0.61% and will be compounded annually, beginning from September 22, 2016, the date judgment is entered.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this 22nd day of September, 2016.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE